IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED _____ ENTERED
LODGED _____ RECEIVED

FEB 03 2015

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
DEPUTY

AMIRA ALFA,

        Plaintiff,

v.

Civil No. PJM 14-1773

UNITED STATES of AMERICA, *et. al.*

        Defendants.

                \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Amira Alfa, *pro se*, has sued the United States of America, the National Institutes of Health ("NIH"), and John Does 1 through 10 for negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), and for what is styled as "premises liability," presumably an action in tort under the Maryland common law. Except for the United States of America and the NIH, no other defendant has been specifically named, served, or appeared in these proceedings. Alfa alleges that, while working for a private contractor at the NIH Main Campus in Bethesda, MD, she was electrocuted while reaching for a switch on a piece of cleaning equipment known as a "barmaid." For the reasons that follow, the United States' Motion to Dismiss (Paper No. 8) is **GRANTED.**[1]

### I.

The United States, which comprehends its agencies and employees acting within the scope of their employment, is the only proper Defendant for claims under the FTCA. *See Holmes v. Eddy*, 341 F.2d 477, 480 (4th Cir. 1965); 28 U.S.C. § 2679. At the same time, no state

---

[1] The United States filed its Motion to Dismiss on November 3, 2014. Alfa's response was due on November 20, 2014. On December 9, 2014, the Clerk of this Court sent a letter to Alfa granting her with an additional seventeen (17) days to respond and informing her that a failure to respond could result in the court dismissing the case. To date, Alfa has filed no response. The Court thus rules on the papers before it.

-1-

common law action—such as a tort styled "premises liability"—can be asserted against the United States, since the FTCA subsumes all such claims "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).

Conversely, non-Government individual or entity defendants are obviously not subject to liability under the FTCA but may, at such time as they are identified, be subject to suit based on state law theories. As things stand, however, there is simply no basis for federal jurisdiction as to such claims in this case.

## II.

The United States has moved to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). When ruling on such a motion, the court may consider exhibits outside the pleadings. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). Accordingly, the Court reviews the attachments to the United States' motion to determine Alfa's employment relationship with it.

Alfa was employed by Charles River Laboratories Genetic Testing Services ("Charles River"), a company tasked with providing the United States, at its NIH facility in Bethesda, MD, "a wide range of technical and support services required for the proper care, use and humane treatment of laboratory animals to any NIH IC animal program." Motion to Dismiss ("Mot."), Ex. 2 at 11. Its contract with the United States provides that Charles River shall act "[i]ndependently, and not as an agent of the Government," and itemizes many of the services it would provide, including:

> "1. [W]ater and clean caging for all species including . . . aquatics species" *Id.* at 15;
> "11. Management and maintenance of equipment and supplies . . ." *Id.* at 16;
> "17. Preventative maintenance on all cage wash equipment . . ." *Id.* at 17.

Alfa's job responsibilities with Charles River included feeding fish, performing health checks, and cleaning the fish tanks. Mot., Ex. 1. It was while using the barmaid to clean the fish tanks that Alfa was purportedly injured. Compl. ¶ 6.

The United States argues that Charles River, as an independent contractor, had the responsibility for the maintenance of the equipment that harmed Alfa. The law, it argues, is well established that the Government's waiver of sovereign immunity under the FTCA does not extend to independent contractors and therefore the Government cannot be vicariously liable for the negligence of independent contractors. *See Logue v. United States*, 412 U.S. 521, 529–30, 532 (1973); *Williams*, 50 F.3d 299 at 305–06; *Ryan v. U.S.*, 304 F. Supp. 2d 678, 687 (D. Md. 2004).

### III.

When the Government challenges the court's subject matter jurisdiction, "the plaintiff bears the burden of persuasion and must demonstrate an unequivocal waiver of sovereign immunity." *Ryan*, 304 F. Supp. 2d at 681. Additionally, "a waiver of the Government's sovereign immunity will be strictly construed, in terms of scope, in favor of the sovereign." *Williams*, 242 F.3d at 172.

Alfa brings her suit against the Government, NIH, and any employees acting within the scope of their employment under the FTCA, but "[t]he government's liability under the FTCA does not . . . . extend to the negligence of independent contractors." *Ryan*, 304 F. Supp. 2d at 685 (citing *Logue*, 412 U.S. at 529–30); *see also Williams*, 50 F.3d at 304 (reasoning the United States had not waived its sovereign immunity for the actions of an independent contractor and dismissing under Rule 12(b)(1)). In determining whether an entity is an independent contractor, "the critical inquiry is whether the government has the power to control the detailed physical

performance of the contractor." *United States v. Orleans*, 425 U.S. 807, 814 (1976). "In short, to overcome the independent contractor exception, a claimant must establish that the government 'managed the details' or ran the 'daily routine' of the activities constituting the alleged tortious conduct." *Ryan*, 304 F. Supp. 2d at 685.

Here, the contract between the United States and Charles River (Alfa's employer) not only explicitly lists Charles River as an independent contractor; it also includes in that entity's responsibilities the management and maintenance of the cleaning equipment. Mot. Ex. 2 at 15–17. Moreover, the United States did not perform day-to-day supervision of Charles River employees. Mot. Ex. 5 ¶ 3. The conclusion is thus inescapable: Charles River was an independent contractor. Accordingly, the United States cannot be liable for any alleged negligence in the cleaning equipment.

## IV.

To the extent Alfa may wish to pursue non-Government John Doe Defendants, at most they might be suable under Maryland common law for negligence and/or premises liability. The Court need not spend more time on the issue of liability *vel non* of possible non-Government defendants, however, because none have been named.

For these reasons, the Court **GRANTS** the United States' Motion to Dismiss (Paper No. 8). The case will be **DISMISSED WITH PREJUDICE** against the United States, the National Institute of Health, and any John Doe Defendants who may be Government employees acting within the scope of their employment. The case is **DISMISSED WITHOUT PREJUDICE** as to any non-Government John Doe Defendants, whether individuals or enities.

A separate Order will **ISSUE**.

/s/
_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**February 2, 2015**